## E. F. STROSHINE v. STATE.

No. A-8518. June 9, 1933.
(22 Pac. [2d] 1037.)

Brown Moore, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

PER CURIAM. Plaintiff in error, hereinafter called defendant, on plea of guilty, was convicted in the county court of Payne county of unlawful possession of intoxicating liquor, and was sentenced to pay a fine of $100 and to serve 30 days in the county jail. The plea and sentence was October 8th. On October 12th defendant filed a motion to set aside the judgment and for leave to withdraw plea and enter a plea of not guilty, which was overruled. This ruling is the principal error complained of. The ground of the motion is "* * * that he entered a plea of guilty in said cause without the aid and advice of

counsel and under a misapprehension of the penalty and what his rights were in said cause. * * *"

The judgment recited that at the time of arraignment "* * * the court advised defendant of the nature of the charge filed against him and further advised him of his right to counsel, trial and time to prepare for trial; thereupon the defendant pleads guilty to the crime charged. * * *" Defendant does not claim he is not guilty or that he was influenced to plead guilty or that the punishment is excessive. The record contains no evidence in support of the motion to set aside judgment and withdraw the plea. The action of the trial court in this regard is free from error.

Defendant further claims the judgment is invalid, for the reason that the amount of the costs taxed against defendant as a part of the judgment is not stated, except "* * * in the sum of —— dollars and —— cents. * * *" There is nothing in this contention. The costs are fixed by law, and are a mere matter of computation, and, if erroneous costs are taxed, the proper way to correct would be by motion to retax in the trial court.

The case is affirmed.